KAREN P. HEWITT
United States Attorney
WILLIAM A. HALL, JR.
Assistant U.S. Attorney
California State Bar No. 253403
United States Attorney's Office
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-7046/(619) 235-2757 (Fax)
Email: william.a.hall@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal Case No. 08CR0886-WQH |
| Plaintiff, | DATE: May 5, 2008 |
| | TIME: 2:00 p.m. |
| v. | Before Honorable William Q. Hayes |
| FRANCISCO NAVARRO-SANDOVAL, | UNITED STATES' STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES |
| Defendant(s). | |

**I**

**STATEMENT OF THE CASE**

The Defendant, Francisco Navarro-Sandoval (hereinafter "Defendant"), was charged by a grand jury on March 26, 2008, with violating 8 U.S.C. §§ 1326(a) and (b), deported alien found in the United States. Defendant was arraigned on the Indictment on March 27, 2008, and entered a plea of not guilty.

**II**

**STATEMENT OF FACTS**

Defendant was apprehended on February 29, 2008, by a United States Border Patrol Agent ("BPA") in an area known as "No Shoot." This area is approximately three miles east of the Otay

1  Mesa, California, Port of Entry and two miles north of the United States/Mexico international
2  boundary fence. At this location, a BPA encountered a total of ten individuals lying in some heavy
3  brush, one of which was Defendant. After being detained, Defendant admitted that he was a
4  citizen and national of Mexico without immigration documents entitling him to enter or remain in
5  the United States.

6  Defendant was transported to the Border Patrol's Chula Vista, California, Processing
7  Center, where Defendant's fingerprints were utilized to perform a computerized check of his
8  criminal and immigration history, revealing him to be a previously deported criminal alien.

9  **B.   DEFENDANT'S CRIMINAL AND IMMIGRATION HISTORY**

10  Preliminary criminal history reports show that Defendant has felony convictions in
11  California. Defendant was convicted in 1988 in Los Angeles of Involuntary Manslaughter, in
12  violation of Cal. PC § 192(b); he was sentenced to three years incarceration. Defendant was also
13  convicted in 2007 in Los Angeles of Assault with a Deadly Weapon, in violation of Cal. PC §
14  245(a)(1); he was sentenced to 2 years incarceration. Defendant was also convicted in 1994 of
15  misdemeanor possession of a prohibited weapon; in 1998 of misdemeanor domestic battery with
16  injury; and in 2003 and 2004 of driving under the influence. Defendant was last removed to
17  Mexico on February 20, 2008.

18  **III**

19  **UNITED STATES' MOTIONS**

20  **A.   FINGERPRINT EXEMPLARS**

21  The United States requests that the Court order that Defendant make himself available for
22  fingerprinting by the United States' fingerprint expert. See United States v. Ortiz-Hernandez, 427
23  F.3d 567, 576-77 (9th Cir. 2005) (government may have defendant fingerprinted and use criminal
24  and immigration records in Section 1326 prosecution). Defendant's fingerprints are not testimonial
25  evidence. See Schmerber v. California, 384 U.S. 757 (1966). Using identifying physical
26  characteristics, such as fingerprints, does not violate Defendant's Fifth Amendment right against
27
28                                                                    4                         08CR0886-WQH

1  self-incrimination.  United States v. DePalma, 414 F.2d 394, 397 (9th Cir. 1969); see also United States v. St. Onge, 676 F. Supp. 1041, 1043 (D. Mont. 1987).

**B.     RECIPROCAL DISCOVERY**

To date, the United States has provided Defendant with 29 pages of discovery, including reports of his arrest, his rap sheet, and one DVD.  The government moves the Court to order Defendant to provide all reciprocal discovery to which the United States is entitled under Rules 16(b) and 26.2.  Rule 16(b)(2) requires Defendant to disclose to the United States all exhibits and documents which Defendant "intends to introduce as evidence in chief at the trial" and a written summary of the names, anticipated testimony, and bases for opinions of experts the defendant intends to call at trial under Rules 702, 703, and 705 of the Federal Rules of Evidence.

**IV**

**CONCLUSION**

For the foregoing reasons, the government respectfully requests that its motions be granted..

DATED: April 14, 2008.

                                Respectfully submitted,

                                KAREN P. HEWITT
                                United States Attorney

                                s/ William A. Hall, Jr.
                                WILLIAM A. HALL, JR.
                                Assistant United States Attorney