**TIMOTHY A. SCOTT**
California Bar No. 215074
LAW OFFICES OF TIMOTHY A. SCOTT
1350 Columbia Street, Suite 600
San Diego CA, 92101
Telephone: (619) 794-0451
Facsimile: (619) 652-9964
email: timscottlaw@cox.net

Attorneys for Francisco Navarro-Sandoval

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE WILLIAM Q. HAYES)**

| UNITED STATES OF AMERICA, | ) | Case No. 07cr3470-BEN |
|---|---|---|
| Plaintiff, | ) | Date: May 5, 2008 |
| | ) | Time: 2:00 p.m. |
| v. | ) | |
| | ) | **MEMORANDUM IN SUPPORT OF MOTIONS** |
| Francisco Navarro-Sandoval | ) | |
| Defendant. | ) | |

# I.
# Introduction

**A.    Introduction.**

The government charges Mr. Navarro-Sandoval with being deported alien found in the United States. Mr. Navarro-Sandoval denies the charges. He respectfully files these motions to obtain discovery to which he is entitled, and to dismiss the indictment for a variety of infirmities in the charging document.

//

//

//

//

//

# II.

# Discussion

**A.   Motion to dismiss the indictment because it fails to allege all elements of the charged offense**.

The indictment must be dismissed because the government has failed to properly allege all elements of the offense.  The Fifth Amendment requires that "[n]o person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury . . .."  Consistent with this Constitutional requirement, the Supreme Court has held that an indictment must "<u>fully, directly, and expressly, without any uncertainty or ambiguity</u>, set forth all the elements necessary to constitute the offense intended to be punished."[1]  It is black letter law that an indictment that does not allege an element of an offense, even an implied element, is defective, and should be dismissed.[2]

In this case, the indictment charges a violation of Title 8, United States Code, Sections 1326(a) and (b).  In *United States v. Salazar-Lopez*,[3] the Ninth Circuit indicated that to be sufficient, an indictment charging a violation of section 1326(b) must allege either that the defendant has been previously removed subsequent to a conviction (*i.e.,* for a misdemeanor, a felony, an aggravated felony, or a crime of violence), or it must allege a specific date of the prior removal.  In this case, the indictment only alleges that Mr. Navarro-Sandoval "was removed from the United States subsequent to April 14, 2006."  Here, the indictment does not allege either that this removal occurred subsequent to a conviction or allege a specific date of the prior removal.  Therefore, because the indictment does not allege all elements of section 1326(b), the indictment must be dismissed.

---

[1]   *United States v. Carll*, 105 U.S. 611, 612-13 (1881) (emphasis added).

[2]   *See, e.g., Russell v. United States,* 369 U.S. 749, 769-72 (1962); *Stirone v. United States*, 361 U.S. 212, 218-19 (1960); *United States v. Du Bo*, 186 F.3d 1177, 1179 (9th Cir. 1999); *United States v. Keith*, 605 F.2d 462, 464 (9th Cir. 1979).

[3]   __ F.3d __, 2007 WL 3085906 at *2 (9th Cir. Oct. 24, 2007).

B.  **Motion to dismiss the indictment because it violates Mr. Navarro-Sandoval's right to presentment.**

Mr. Navarro-Sandoval has a Fifth Amendment right to have a grand jury pass upon those facts necessary to convict him at trial. In the indictment, the government included the language: "It is further alleged that defendant Francisco Navarro-Sandoval was removed from the United States subsequent to April 14, 2006." The indictment in this case violates Mr. Navarro-Sandoval's right to presentment in two ways. First, the language added by the government does not ensure that the grand jury actually found probable cause that Mr. Navarro-Sandoval was deported after that date, as opposed to simply being physically removed from the United States. Second, that the grand jury found probable cause to believe that Mr. Navarro-Sandoval was removed "subsequent to April 14, 2006" does not address the possibility that the government may at trial rely on a deportation that was never presented to, or considered by, the grand jury.

The Fifth Amendment provides that "[n]o person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury." The Sixth Amendment provides that "[i]n all criminal prosecutions the accused shall enjoy the right . . . to be informed of the nature and cause of the accusation . . . ." Thus, a defendant has a constitutional right to have the charges against him presented to a grand jury and to be informed of the grand jury's findings via indictment.[4]

To be sufficient, an indictment must allege every element of the charged offense.[5] Indeed, in order to be sufficient, an indictment must include implied elements not present in the statutory language.[6] "If an element is necessary to convict, it is also necessary to indict, because

---

[4]  *See Russell v. United States*, 369 U.S. 749, 763 (1962) (An indictment must "contain[] the elements of the offense intended to be charged, and sufficiently apprise[] the defendant of what he must be prepared to meet.").

[5]  *See United States v. Morrison*, 536 F.2d 286, 287 (9th Cir. 1976) (citing *United States v. Debrow*, 346 U.S. 374 (1953)).

[6]  *See Du Bo*, 186 F.3d at 1179.

elements of a crime do not change as criminal proceedings progress."[7] An indictment's failure to "recite an essential element of the charged offense is not a minor or technical flaw . . . but a fatal flaw requiring dismissal of the indictment."[8]

In the indictment, the government here has added the language: "It is further alleged that defendant Francisco Navarro-Sandoval was removed from the United States subsequent to April 14, 2006." There is no indication from this "allegation" that the grand jury was charged with the legal meaning of the word "removal" applicable in this context, as opposed to being simply removed from the United States in a colloquial sense. It is clear from *Covian-Sandoval* that in order to trigger the enhanced statutory maximum contained in section 1326(b), the government must prove that a person was removed — as that term is used in the immigration context — after having suffered a conviction.[9] A deportation has the following elements: "(1) that a deportation proceeding occurred as to [the] defendant and as a result, [(2)] a warrant of deportation was issued and [(3)] executed by the removal of the defendant from the United States."[10] As this is the type of removal the government must prove before a petite jury, it is necessary that the government allege such a removal before the grand jury. As returned, however, there is no assurance from the face of the indictment that the grand jury in this case was charged with the <u>type</u> of removal necessary to increase a person's statutory maximum under section 1326(b).

As such, there is no fair assurance that the grand jury will have passed upon those facts necessary to convict Mr. Navarro-Sandoval. Additionally, as charged, there is no fair assurance that the indictment will contain those allegations the government will attempt to prove at trial. If the government alleged before the grand jury that Mr. Navarro-Sandoval was removed (in a colloquial sense), but offers proof at trial that Mr. Navarro-Sandoval was removed (in an

---

[7] *United States v. Hill*, 279 F.3d 731, 741 (9th Cir. 2002).

[8] *Du Bo,* 186 F.3d at 1179.

[9] 462 F.3d at 1097-1098 (noting as part of its analysis that immigration proceedings have fewer procedural protections that criminal proceedings).

[10] *See United States v. Castillo-Basa*, 483 F.3d 890 (9th Cir. 2007) (citing, without contesting, the elements of a deportation provided by the district court.)

1  immigration sense), there will be a constructive amendment of the indictment at trial.[11]

2  A second problem with the indictment is that there is no indication which (if any) deportation the government presented to the grand jury. In most cases, the government will have a choice of deportations to present to the grand jury to support an allegation that a person had been deported after a specific date. According to information provided by the government, although not conceded by the defendant, Mr. Navarro-Sandoval has been deported on several occasions. This renders it a very real possibility that the government alleged one deportation to the grand jury to sustain its allegation that Mr. Navarro-Sandoval was removed from the United States, but will attempt to prove at trial a wholly different deportation to sustain its trial proof. If this were to turn out to be the case, Mr. Navarro-Sandoval's right to have the grand jury pass on all facts necessary to convict him would be violated.[12]

**C.    Motion to dismiss the indictment due to misinstruction of the grand jury.**

The indictment in the instant case was returned by the January 2007 grand jury. That grand jury was instructed on January 11, 2007. The instructions to the impaneled grand jury deviate from the instructions at issue in the major Ninth Circuit cases challenging a form grand jury instruction previously given in this district in several ways.[13] First, instructing grand jurors that their singular duty is to determine whether or not probable cause exists and that they have no right to decline to indict when the probable cause standard is satisfied. Second, instructing grand jurors of a non-existent prosecutorial duty to present exculpatory evidence. These instructions

---

[11] *See Stirone v. United States*, 361 U.S. 212, 217-19 (1960). Either scenario represents a violation of Mr. Navarro-Sandoval's right to presentment. *Stirone,* 361 U.S. at 218-19.

[12] *See Du Bo*, 186 F.3d 1179.

[13] *See, e.g., United States v. Cortez-Rivera*, 454 F.3d 1038 (9th Cir. 2006); *United States v. Navarro-Vargas*, 408 F.3d 1184 (9th Cir.) (*en banc*), cert. denied, 126 S. Ct. 736 (2005) *(Navarro-Vargas II)*; *United States v. Navarro-Vargas*, 367 F.3d 896 (9th Cir. 2004)*(Navarro-Vargas I)*; *United States v. Marcucci*, 299 F.3d 1156 (9th Cir. 2002) (per curiam).

1  are compounded by the erroneous instructions and comments to prospective grand jurors during
2  *voir dire* of the grand jury panel, which immediately preceded the instructions.  Therefore, the
3  indictment should be dismissed.

**D.    Motion to strike surplusage from the indictment.**

The above argument to dismiss the indictment based on the government's failure to comply with Mr. Navarro-Sandoval's Fifth and Sixth Amendment rights is premised on *Covian-Sandoval* having read into section 1326 an additional element—a deportation that occurred at a particular time—that the government must plead to the grand jury and prove to a jury.  To the extent the government argues that *Covian-Sandoval* did not create an additional element, the indictment contains surplusage.  In other words, if the government argues that the <u>timing</u> of a person's deportation is not a element of section 1326, but rather a sentencing factor under subsection (b) of section 1326, the indictment alleges a fact—the timing of a person's deportation—the Supreme Court has clearly held to be decided by a judge.

The Ninth Circuit has "repeatedly held that language [in an indictment] that describes elements beyond what is required under statute is surplusage and need not be proved at trial."[14]  Surplusage in an indictment is subject to being struck at the request of the defendant.[15]  In this case, if the government argues that the date of a person's deportation is not a required element of section 1326, the indictment contains language beyond that which is necessary to convict Mr. Navarro-Sandoval of violating section 1326.  If the date of a person's deportation is not an element of section 1326, then the language in the indictment is surplusage.  So too is the government's allegation in the indictment that Mr. Navarro-Sandoval violated section 1326, subsection (b).

**E.    Motion for discovery.**

Mr. Navarro-Sandoval moves for the production by the government of the following

---

[14]    *Bargas v. Burns*, 179 F.3d 1207, 1216 n. 6 (9th Cir. 1999).

[15]    *United States v. Fernandez*, 388 F.3d 1199, 1220-21 (9th Cir. 2004).

discovery and for the preservation of evidence. This request is not limited to those items about which the prosecutor knows, but includes all discovery listed below that is in the custody, control, care, or knowledge of any government agency. *See generally Kyles v. Whitley,* 514 U.S. 419 (1995); *United States v. Bryan,* 868 F.2d 1032 (9th Cir. 1989).

        1.       <u>The Defendant's Statements</u>. The government must disclose to Mr. Navarro-Sandoval *all* copies of any written or recorded statements made by Mr. Navarro-Sandoval; the substance of any statements made by Mr. Navarro-Sandoval that the government intends to offer in evidence at trial; any response by Mr. Navarro-Sandoval to interrogation; the substance of any oral statements that the government intends to introduce at trial and any written summaries of Mr. Navarro-Sandoval's oral statements contained in the handwritten notes of the government agent; any response to any *Miranda* warnings that may have been given to Mr. Navarro-Sandoval; and any other statements by Mr. Navarro-Sandoval. Fed. R. Crim. P. 16(a)(1)(A) and (B). The Advisory Committee Notes and the 1991 amendments to Rule 16 make clear that the government must reveal *all* of Mr. Navarro-Sandoval's statements, whether oral or written, regardless of whether the government intends to make any use of those statements.

        2.       <u>Arrest Reports, Notes and Dispatch Tapes</u>. Mr. Navarro-Sandoval also specifically requests that all arrest reports, notes and dispatch or any other tapes that relate to the circumstances surrounding his arrest or any questioning, if such reports have not already been produced *in their entirety*, be turned over to him. This request includes, but is not limited to, any rough notes, records, reports, transcripts or other documents in which statements of Mr. Navarro-Sandoval or any other discoverable material is contained. Mr. Navarro-Sandoval includes in this request any redacted portions of the Report of Investigation ("ROI") and any subsequent ROI's that the case agent or any other agent has written. This is all discoverable under Fed. R. Crim. P. 16(a)(1)(A) and (B) and *Brady v. Maryland,* 373 U.S. 83 (1963). *See also Loux v. United States,* 389 F.2d 911 (9th Cir. 1968). Arrest reports, investigator's notes, memos from arresting officers, dispatch tapes, sworn statements, and prosecution reports pertaining to Mr. Navarro-Sandoval are available under Fed. R. Crim. P. 16(a)(1)(A) and (B), Fed. R. Crim. P. 26.2 and 12(I). Preservation of rough notes is requested, whether or not the

government deems them discoverable.

3.  *Brady* Material. Mr. Navarro-Sandoval requests all documents, statements, agents' reports, and tangible evidence favorable to him on the issue of guilt and/or evidence that affects the credibility of the government's case. Impeachment and exculpatory evidence both fall within *Brady's* definition of evidence favorable to the accused. *United States v. Bagley,* 473 U.S. 667 (1985); *United States v. Agurs,* 427 U.S. 97 (1976).

4.  Any Information That May Result in a Lower Sentence. As discussed above, any information that may result in a more favorable sentence must also be disclosed pursuant to *Brady,* 373 U.S. 83. The government must disclose any cooperation or attempted cooperation by Mr. Navarro-Sandoval, as well as any information that could affect any base offense level or specific offense characteristic under Chapter Two of the Guidelines. Also included in this request is any information relevant to a Chapter Three adjustment, a determination of Mr. Navarro-Sandoval's criminal history, or any other application of the Guidelines.

5.  The Defendant's Prior Record. Evidence of a prior record is discoverable under Fed. R. Crim. P. 16(a)(1)(D). Mr. Navarro-Sandoval specifically requests a complete copy of any criminal record.

6.  Any Proposed 404(b) Evidence. Evidence of prior similar acts is discoverable under Fed. R. Crim. P. 16(a)(1)(D) and Fed. R. Evid. 404(b) and 609. In addition, under Fed. R. Evid. 404(b), "upon request of the accused, the prosecution . . . shall provide reasonable notice in advance of trial . . . of the general nature . . . ." of any evidence the government proposes to introduce under Fed. R. Evid. 404(b) at trial. Sufficient notice requires the government to "articulate *precisely* the evidential hypothesis by which a fact of consequence may be inferred from the other acts evidence." *United States v. Mehrmanesh,* 689 F.2d 822, 830 (9th Cir. 1982) (emphasis added; internal citations omitted); *see also United States v. Brooke,* 4 F.3d 1480, 1483 (9th Cir. 1993) (reaffirming *Mehrmanesh* and reversing convictions).

7.  Evidence Seized. Evidence seized as a result of any search, either warrantless or with a warrant, is discoverable under Fed. R. Crim. P. 16(a)(1)(E).

8.  Request for Preservation of Evidence. The defense specifically requests that

all dispatch tapes or any other physical evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the government and that relate to the arrest or the events leading to the arrest in this case be preserved. This request includes, but is not limited to, any samples of narcotics used to run any scientific tests, all narcotics, the results of any fingerprint analysis, Mr. Navarro-Sandoval's personal effects, and any evidence seized from Mr. Navarro-Sandoval or any third party.

Mr. Navarro-Sandoval requests that the prosecutor be ordered to *question* all the agencies and individuals involved in the prosecution and investigation of this case to determine if such evidence exists, and if it does exist, to inform those parties to preserve any such evidence.

9. *Henthorn* Material. Mr. Navarro-Sandoval requests that the Assistant United States Attorney ("AUSA") assigned to this case oversee (not personally conduct) a review of all personnel files of each agent (including local and state authorities) involved in the present case for impeachment material. *See Kyles v. Whitley,* 514 U.S. 437, 438 (1995) (holding that "the individual prosecutor has a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police"); *United States v. Henthorn,* 931 F.2d 29 (9th Cir. 1991). This request includes, but is not limited to, any complaints filed (by a member of the public, by another agent, or any other person) against the agent, whether or not the investigating authority has taken any action, as well as any matter for which a disciplinary review was undertaken, whether or not any disciplinary action was ultimately recommended. Mr. Navarro-Sandoval further requests production of any such information at least *one week* prior to the motion hearing and two weeks prior to trial. If the prosecutor is uncertain whether certain information should be disclosed pursuant to this request, this information should be produced to the Court in advance of the motion hearing and the trial for an *in camera* inspection.

10. Tangible Objects. Mr. Navarro-Sandoval requests the opportunity to inspect, copy, and test, as necessary, all other documents and tangible objects, including photographs, books, papers, documents, alleged narcotics, fingerprint analyses, vehicles, or copies of portions thereof, that are material to the defense or intended for use in the government's case-in-chief or were obtained from or belong to Mr. Navarro-Sandoval . Fed. R. Crim. P. 16(a)(1)(E).

1  Specifically, Mr. Navarro-Sandoval requests **color copies** of all photographs in the
2  government's possession of the alleged narcotics.

3      11.    <u>Expert Witnesses</u>.  Mr. Navarro-Sandoval requests the name, qualifications,
4  and a written summary of the testimony of any person that the government intends to call as an
5  expert witness during its case in chief.  Fed. R. Crim. P. 16(a)(1)(G).  This summary should
6  include a description of the witness' opinion(s), as well as the bases and the reasons for the
7  opinion(s).  *See United States v. Duvall,* 272 F.3d 825 (7th Cir. 2001) (finding that government's
8  written expert notice did not adequately summarize or describe police detective's testimony in
9  drug prosecution where notice provided only a list of the general subject matters to be covered
10 and failed to identify what opinion the expert would offer on those subjects).

11     Mr. Navarro-Sandoval requests the notice of expert testimony be provided at a minimum
12 of *six prior to trial* so that the defense can properly prepare to address and respond to this
13 testimony, including obtaining its own expert and/or investigating the opinions, credentials of
14 the government's expert and obtain a hearing in advance of trial to determine the admissibility of
15 qualifications of any expert.  *See Kumho v. Carmichael Tire Co.,* 526 U.S. 137, 119 S.Ct. 1167,
16 1176 (1999) (trial judge is "gatekeeper" and must determine, reliability and relevancy of expert
17 testimony and such determinations may require "special briefing or other proceedings").

18     12.    <u>Impeachment evidence</u>.  Mr. Navarro-Sandoval requests any evidence that any
19 prospective government witness has engaged in any criminal act whether or not resulting in a
20 conviction and whether any witness has made a statement favorable to Mr. Navarro-Sandoval.
21 *See* Fed. R. Evid. 608, 609 and 613.  Such evidence is discoverable under *Brady,* 373 U.S. 83.
22 *See United States v. Strifler,* 851 F.2d 1197 (9th Cir. 1988) (witness' prior record); *Thomas v.*
23 *United States,* 343 F.2d 49 (9th Cir. 1965) (evidence that detracts from a witness' credibility).

24     13.    <u>Evidence of Criminal Investigation of Any Government Witness</u>.  Mr. Navarro-
25 Sandoval requests any evidence that any prospective witness is under investigation by federal,
26 state or local authorities for any criminal conduct.  *United States v. Chitty,* 760 F.2d 425 (2d Cir.
27 1985).

28     14.    <u>Evidence of Bias or Motive to Lie</u>.  Mr. Navarro-Sandoval requests any

evidence that any prospective government witness is biased or prejudiced against Mr. Navarro-Sandoval, or has a motive to falsify or distort his or her testimony. *Pennsylvania v. Ritchie,* 480 U.S. 39 (1987); *Strifler,* 851 F.2d 1197.

15.   **Evidence Affecting Perception, Recollection, Ability to Communicate, or Veracity**.  Mr. Navarro-Sandoval requests any evidence, including any medical or psychiatric report or evaluation, tending to show that any prospective witness's ability to perceive, remember, communicate, or tell the truth is impaired; and any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic. *Strifler,* 851 F.2d 1197; *Chavis v. North Carolina,* 637 F.2d 213, 224 (4th Cir. 1980).

16.   **Witness Addresses**.  Mr. Navarro-Sandoval requests the name and last known address of each prospective government witness. *See United States v. Napue,* 834 F.2d 1311 (7th Cir. 1987); *United States v. Tucker,* 716 F.2d 576 (9th Cir. 1983) (failure to interview government witnesses by counsel is ineffective); *United States v. Cook,* 608 F.2d 1175, 1181 (9th Cir. 1979) (defense has equal right to talk to witnesses). Mr. Ortiz also requests the name and last known address of every witness to the crime or crimes charged (or any of the overt acts committed in furtherance thereof) who will *not* be called as a government witness. *United States v. Cadet,* 727 F.2d 1453 (9th Cir. 1984).

17.   **Names of Witnesses Favorable to the Defendant**.  Mr. Navarro-Sandoval requests the name of any witness who made any arguably favorable statement concerning Mr. Navarro-Sandoval or who could not identify him or who was unsure of his identity or participation in the crime charged. *Jackson v. Wainwright,* 390 F.2d 288 (5th Cir. 1968); *Chavis,* 637 F.2d at 223; *Jones v. Jago,* 575 F.2d 1164,1168 (6th Cir.1978); *Hudson v. Blackburn,* 601 F.2d 785 (5th Cir. 1979), *cert. denied,* 444 U.S. 1086 (1980).

18.   **Statements Relevant to the Defense**.  Mr. Navarro-Sandoval requests disclosure of any statement that may be "relevant to any possible defense or contention" that she might assert. *United States v. Bailleaux,* 685 F.2d 1105 (9th Cir. 1982).

19.   **Jencks Act Material**.  Mr. Navarro-Sandoval requests production in advance of the motion hearing or trial of all material, including dispatch tapes, that the government must

1  produce pursuant to the Jencks Act, 18 U.S.C. § 3500 and Fed. R. Crim. P. 26.2  Advance
2  production will avoid the possibility of delay of the motion hearing or trial to allow Mr. Navarro-
3  Sandoval to investigate the Jencks material. Mr. Navarro-Sandoval requests pre-trial disclosure
4  of such statements to avoid unnecessary recesses and delays and to allow defense counsel to
5  prepare for, and use properly any Jencks statements during cross-examination.

6        20.     *Giglio* Information. Pursuant to *Giglio v. United States,* 405 U.S. 150 (1972),
7  Mr. Navarro-Sandoval requests all statements and/or promises, expressed or implied, made to
8  any government witnesses, in exchange for their testimony in this case, and all other information
9  that could arguably be used for the impeachment of any government witnesses.

10       21.     Agreements Between the Government and Witnesses. Mr. Navarro-Sandoval
11 requests discovery regarding any express or implicit promise, understanding, offer of immunity,
12 of past, present, or future compensation, or any other kind of agreement or understanding,
13 including any implicit understanding relating to criminal or civil income tax, forfeiture or fine
14 liability, between any prospective government witness and the government (federal, state and/or
15 local). This request also includes any discussion with a potential witness about or advice
16 concerning any immigration benefits, any contemplated prosecution, or any possible plea
17 bargain, even if no bargain was made or the advice not followed.

18       22.     Informants and Cooperating Witnesses. Mr. Navarro-Sandoval requests
19 disclosure of the names and addresses of all informants or cooperating witnesses used or to be
20 used in this case, and in particular, disclosure of any informant who was a percipient witness in
21 this case or otherwise participated in the crime charged against Mr. Navarro-Sandoval. The
22 government must disclose the informant's identity and location, as well as disclose the existence
23 of any other percipient witness unknown or unknowable to the defense. *Roviaro v. United*
24 *States,* 353 U.S. 52, 61-62 (1957). The government must disclose any information derived from
25 informants that exculpates or tends to exculpate Mr. Navarro-Sandoval.

26       23.     Bias by Informants or Cooperating Witnesses. Mr. Navarro-Sandoval requests
27 disclosure of any information indicating bias on the part of any informant or cooperating
28 witness. *Giglio,* 405 U.S. 150. Such information would include what, if any, inducements,

favors, payments or threats were made to the witness to secure cooperation with the authorities.

24. <u>Personnel Records of Government Officers Involved in the Arrest</u>. Mr. Navarro-Sandoval requests all citizen complaints and other related internal affairs documents involving any of the federal, state or local law enforcement officers who were involved in the investigation, search, arrest and interrogation of Mr. Navarro-Sandoval. *See Pitchess v. Superior Court,* 11 Cal. 3d 531, 539 (1974). Because of the sensitive nature of these documents, defense counsel will be unable to procure them from any other source.

25. <u>Opportunity to View the A-file</u>. Mr. Navarro-Sandoval hereby requests an opportunity to view, photograph, and copy the A-file in this case.

26. <u>Reports of Scientific Tests or Examinations</u>. Pursuant to Fed. R. Crim. P. 16(a)(1)(F), Mr. Navarro-Sandoval requests the reports of all tests and examinations conducted upon the evidence in this case, including, but not limited to, any fingerprint testing done upon any evidence seized in this case, that is within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government, and that are material to the preparation of the defense or are intended for use by the government as evidence in chief at the trial.

27. <u>Residual Request</u>. Mr. Navarro-Sandoval intends by this discovery motion to invoke his rights to discovery to the fullest extent possible under the Federal Rules of Criminal Procedure and the Constitution and laws of the United States. This request specifically includes all subsections of Rule 16.

Mr. Navarro-Sandoval requests that the government provide the above requested material sufficiently in advance of trial and the next motion hearing date.

//
//
//
//
//
//

## III.

## Conclusion

For the foregoing reasons, these motions should be granted.

Dated: April 24, 2008                              Respectfully submitted,

                                                   *s/ Timothy A. Scott*

                                                   **TIMOTHY A. SCOTT**

                                                   Attorneys for Mr. Navarro-Sandoval