KAREN P. HEWITT
United States Attorney
WILLIAM A. HALL, JR.
Assistant U.S. Attorney
California State Bar No. 253403
United States Attorney's Office
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-7046/(619) 235-2757 (Fax)
Email: william.a.hall@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal Case No. 08CR0886-WQH |
| Plaintiff, | DATE:        May 5, 2008 |
| | TIME:         2:00 p.m. |
| v. | Before Honorable William Q. Hayes |
| FRANCISCO NAVARRO-SANDOVAL, | UNITED STATES' STATEMENT OF |
| | FACTS AND MEMORANDUM OF |
| | POINTS AND AUTHORITIES |
| Defendant(s). | |

**I**

**STATEMENT OF THE CASE**

The Defendant, Francisco Navarro-Sandoval (hereinafter "Defendant"), was charged by

a grand jury on March 26, 2008, with violating 8 U.S.C. §§ 1326(a) and (b), deported alien found

in the United States.  Defendant was arraigned on the Indictment on March 27, 2008, and entered

a plea of not guilty.

**II**

**STATEMENT OF FACTS**

Defendant was apprehended on February 29, 2008, by a United States Border Patrol Agent

("BPA") in an area known as "No Shoot."  This area is approximately three miles east of the Otay

Mesa, California, Port of Entry and two miles north of the United States/Mexico international boundary fence. At this location, a BPA encountered a total of ten individuals lying in some heavy brush, one of which was Defendant. After being detained, Defendant admitted that he was a citizen and national of Mexico without immigration documents entitling him to enter or remain in the United States.

Defendant was transported to the Border Patrol's Chula Vista, California, Processing Center, where Defendant's fingerprints were utilized to perform a computerized check of his criminal and immigration history, revealing him to be a previously deported criminal alien.

**B.    DEFENDANT'S CRIMINAL AND IMMIGRATION HISTORY**

Preliminary criminal history reports show that Defendant has felony convictions in California. Defendant was convicted in 1988 in Los Angeles of Involuntary Manslaughter, in violation of Cal. PC § 192(b); he was sentenced to three years incarceration. Defendant was also convicted in 2007 in Los Angeles of Assault with a Deadly Weapon, in violation of Cal. PC § 245(a)(1); he was sentenced to 2 years incarceration. Defendant was also convicted in 1994 of misdemeanor possession of a prohibited weapon; in 1998 of misdemeanor domestic battery with injury; and in 2003 and 2004 of driving under the influence. Defendant was last removed to Mexico on February 20, 2008.

**III**

**MEMORANDUM OF POINTS AND AUTHORITIES**

**A.    DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO ALLEGE ALL ELEMENTS IS WITHOUT MERIT**

Defendant argues that the Indictment must be dismissed since it fails to allege either that Defendant has been previously removed subsequent to a conviction or the specific date of his prior removal. For reasons stated in the case he cites, this argument is without merit.

In United States v. Salazar-Lopez, 506 F.3d 748, 752 (9th Cir. 2007), the Ninth Circuit held that Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), bars a defendant convicted under 8 U.S.C.

§ 1326 from having his statutory maximum sentence increased for prior convictions, unless the indictment alleges "the date of the removal, or at least the fact that Salazar-Lopez had been removed after his conviction." Here, the Indictment alleges the fact that Defendant "was removed from the United States subsequent to April 16, 2007." The date alleged establishes the temporal relationship that he was removed after his conviction in April of 2007. Thus, no elements are missing.

**B.    DEFENDANT'S MOTION TO DISMISS DUE TO FAILURE TO PRESENT IS WITHOUT MERIT**

Defendant challenges the Indictment by arguing that the face of the Indictment does not indicate whether the grand jury considered all the facts supporting the deportation element or which deportation, if any, the United States presented to the grand jury. Defendant begins by assuming that a deportation has the following elements: "(1) that a deportation proceeding occurred as the [the] defendant and as a result, [(2)] a warrant of deportation was issued and [(3)] executed by the removal of the defendant from the United States." United States v. Castillo-Basa, 483 F.3d 890 (9th Cir. 2007). Defendant's first challenge rests on a flawed assumption. The United States is not required to prove to a jury beyond a reasonable doubt the deportation process described in Castillo-Basa. Rather, the United States need only show physical removal. United States v. Zepeda-Martinez, 470 F.3d 909, 913 (9th Cir. 2006) ("[t]his warrant is sufficient alone to support a finding of removal beyond a reasonable doubt.").

Second, as noted previously, the Indictment alleges that Defendant "was removed from the United States subsequent to April 16, 2007." The temporal relationship between Defendant's removal and his conviction is satisfied by this allegation. Thus, as recognized in Salazar-Lopez, the United States need not allege a specific date of deportation. Accordingly, Defendant's challenge due to failure to present what is nonessential information to the grand jury should be denied.

**C.   THE GRAND JURY INSTRUCTIONS WERE NOT FAULTY, AND THE INDICTMENT SHOULD NOT BE DISMISSED**

Defendant moves to dismiss the indictment against him for alleged errors in the instructions given to the indicting grand jury during its impanelment by the Honorable Larry A. Burns on January 10, 2007.  The United States explicitly incorporates by reference its extensive briefing on this issue submitted in <u>United States v. Renovato</u>, 07CR3413-BEN, and <u>United States v. Barron-Galvan</u>, 07CR3469-H.  This motion has been denied by each and every court in this district that has considered it, and should also be denied in this case.  The United States would be happy to supplement its response and opposition to this motion at the Court's request.

**D.   DEFENDANT'S MOTION TO STRIKE THE TEMPORAL ALLEGATION SHOULD BE DENIED**

Defendant requests that the Court strike the temporal allegation in the Indictment concerning Defendant's removal.  However, the allegation is consistent with the requirements in <u>United States v. Salazar-Lopez</u>, 506 F.3d 748 (9th Cir. 2007).  Thus, the temporal allegation is not mere surplusage and should not be stricken.

**E.   <u>DISCOVERY REQUESTS AND MOTION TO PRESERVE EVIDENCE</u>**

**1.   The Government Has or Will Disclose Information Subject To Disclosure Under Rule 16(a)(1)(A) and (B) Of The Federal Rules Of Criminal Procedure**

The government has disclosed, or will disclose well in advance of trial, any statements subject to discovery under Fed. R. Crim. P. 16(a)(1)(A) (substance of Defendant's oral statements *in response to government interrogation*) and 16(a)(1)(B) (Defendant's relevant written or recorded statements, written records containing substance of Defendant's oral statements *in response to government interrogation*, and Defendant's grand jury testimony).

a.   <u>The Government Will Comply With Rule 16(a)(1)(D)</u>

Defendant has already been provided with his or her own "rap" sheet and the government will produce any additional information it uncovers regarding Defendant's criminal record.  Any

1    subsequent or prior similar acts of Defendant that the government intends to introduce under Rule

2    404(b) of the Federal Rules of Evidence will be provided, along with any accompanying reports,

3    at a reasonable time in advance of trial.

b.    The Government Will Comply With Rule 16(a)(1)(E)

5    The government will permit Defendant to inspect and copy or photograph all books, papers,

6    documents, data, photographs, tangible objects, buildings or places, or portions thereof, that are

7    material to the preparation of Defendant's defense or are intended for use by the government as

8    evidence-in-chief at trial or were obtained from or belong to Defendant.

9    Reasonable efforts will be made to preserve relevant physical evidence which is in the

10    custody and control of the investigating agency and the prosecution, with the following exceptions:

11    drug evidence, with the exception of a representative sample, is routinely destroyed after 60 days,

12    and vehicles are routinely and periodically sold at auction.  Records of radio transmissions, if they

13    existed, are frequently kept for only a short period of time and may no longer be available.

14    Counsel should contact the Assistant United States Attorney assigned to the case two weeks before

15    the scheduled trial date and the Assistant will make arrangements with the case agent for counsel

16    to view all evidence within the government's possession.

c.    The Government Will Comply With Rule 16(a)(1)(F)

18    The government will permit Defendant to inspect and copy or photograph any results or

19    reports of physical or mental examinations, and of scientific tests or experiments, or copies thereof,

20    that are within the possession of the government, and by the exercise of due diligence may become

21    known to the attorney for the government and are material to the preparation of the defense or are

22    intended for use by the government as evidence-in-chief at the trial.  Counsel for Defendant should

23    contact the Assistant United States Attorney assigned to the case and the Assistant will make

24    arrangements with the case agent for counsel to view all evidence within the government's

25    possession.

       d.     The Government Will Comply With Its Obligations Under <u>Brady v. Maryland</u>

The government is well aware of and will fully perform its duty under <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), and <u>United States v. Agurs</u>, 427 U.S. 97 (1976), to disclose exculpatory evidence within its possession that is material to the issue of guilt or punishment. Defendant, however, is not entitled to all evidence known or believed to exist that is, or may be, favorable to the accused, or that pertains to the credibility of the government's case. As stated in <u>United States v. Gardner</u>, 611 F.2d 770 (9th Cir. 1980), it must be noted that:

> [T]he prosecution does not have a constitutional duty to disclose every bit of information that might affect the jury's decision; it need only disclose information favorable to the defense that meets the appropriate standard of materiality.

611 F.2d at 774-775 (citations omitted). <u>See also</u> <u>United States v. Sukumolachan</u>, 610 F.2d 685, 687 (9th Cir. 1980) (the government is not required to create exculpatory material that does not exist); <u>United States v. Flores</u>, 540 F.2d 432, 438 (9th Cir. 1976) (<u>Brady</u> does not create any pretrial privileges not contained in the Federal Rules of Criminal Procedure).

       e.     <u>Discovery Regarding Government Witnesses</u>

     (1)     <u>Agreements.</u>  The government has disclosed or will disclose the terms of any agreements by Government agents, employees, or attorneys with witnesses that testify at trial. Such information will be provided at or before the time of the filing of the Government's trial memorandum.[1]  The government will comply with its obligations to disclose impeachment evidence under <u>Giglio v. United States</u>, 405 U.S. 150 (1972).

     (2)     <u>Bias or Prejudice.</u>  The government has provided or will provide information related to the bias, prejudice or other motivation to lie of government trial witnesses as required in <u>Napue v. Illinois</u>, 360 U.S. 264 (1959).

---

[1]  As with all other offers by the government to produce discovery earlier than it is required to do, the offer is made without prejudice. If, as trial approaches, the government is not prepared to make early discovery production, or if there is a strategic reason not to do so as to certain discovery, the government reserves the right to withhold the requested material until the time it is required to be produced pursuant to discovery laws and rules.

08CR0886-WQH

(3)    <u>Criminal Convictions.</u>  The government has produced or will produce any criminal convictions of government witnesses plus any *material* criminal acts which did not result in conviction.  The government is not aware that any prospective witness is under criminal investigation.

(4)    <u>Ability to Perceive.</u>  The government has produced or will produce any evidence that the ability of a government trial witness to perceive, communicate or tell the truth is impaired or that such witnesses have ever used narcotics or other controlled substances, or are alcoholics.

(5)    <u>Witness List.</u>  The government will endeavor to provide Defendant with a list of all witnesses which it intends to call in its case-in-chief at the time the government's trial memorandum is filed, although delivery of such a list is not required.  <u>See</u> <u>United States v. Dischner</u>, 960 F.2d 870 (9th Cir. 1992); <u>United States v. Culter</u>, 806 F.2d 933, 936 (9th Cir. 1986); <u>United States v. Mills</u>, 810 F.2d 907, 910 (9th Cir. 1987).  Defendant, however, is not entitled to the production of addresses or phone numbers of possible government witnesses.  <u>See</u> <u>United States v. Thompson</u>, 493 F.2d 305, 309 (9th Cir. 1977), <u>cert. denied</u>, 419 U.S. 834 (1974). Defendant has already received access to the names of potential witnesses in this case in the investigative reports previously provided to him or her.

(6)    <u>Witnesses Not to Be Called.</u>  The government is not required to disclose all evidence it has or to make an accounting to Defendant of the investigative work it has performed.  <u>Moore v. Illinois</u>, 408 U.S. 786, 795 (1972); <u>see</u> <u>United States v. Gardner</u>, 611 F.2d 770, 774-775 (9th Cir. 1980).  Accordingly, the government objects to any request by Defendant for discovery concerning any individuals whom the government does not intend to call as witnesses.

(7)    <u>Favorable Statements.</u>  The government has disclosed or will disclose the names of witnesses, if any, who have made favorable statements concerning Defendant which meet the requirements of <u>Brady</u>.

9                    08CR0886-WQH

1       (8)    <u>Review of Personnel Files.</u>  The government has requested or will

2  request a review of the personnel files of all federal law enforcement individuals who will be called

3  as witnesses in this case for <u>Brady</u> material.  The government will request that counsel for the

4  appropriate federal law enforcement agency conduct such review.  <u>United States v. Herring</u>, 83

5  F.3d 1120 (9th Cir. 1996); <u>see</u>, <u>also</u>, <u>United States v. Jennings</u>, 960 F.2d 1488, 1492 (9th Cir.

6  1992); <u>United States v. Dominguez-Villa</u>, 954 F.2d 562 (9th Cir. 1992).

7       Pursuant to <u>United States v. Henthorn</u>, 931 F.2d 29 (9th Cir. 1991) and <u>United States v.</u>

8  <u>Cadet</u>, 727 F.2d 1452 (9th Cir. 1984), the United States agrees to "disclose information favorable

9  to the defense that meets the appropriate standard of materiality . . ." <u>United States v. Cadet</u>, 727

10  F.2d at 1467, 1468.  Further, if counsel for the United States is uncertain about the materiality of

11  the information within its possession in such personnel files, the information will be submitted to

12  the Court for <u>in camera</u> inspection and review.

13       (9)    <u>Government Witness Statements.</u>  Production of witness statements

14  is governed by the Jencks Act, 18 U.S.C. § 3500, and need occur only after the witness testifies

15  on direct examination. <u>United States v. Taylor</u> , 802 F.2d 1108, 1118 (9th Cir. 1986); <u>United States</u>

16  <u>v. Mills</u>, 641 F.2d 785, 790 (9th Cir. 1981)).  Indeed, even material believed to be exculpatory and

17  therefore subject to disclosure under the <u>Brady</u> doctrine, if contained in a witness statement subject

18  to the Jencks Act, need not be revealed until such time as the witness statement is disclosed under

19  the Act.  <u>See</u> <u>United States v. Bernard</u>, 623 F.2d 551, 556-57 (9th Cir. 1979).

20       The government reserves the right to withhold the statements of any particular witnesses

21  it deems necessary until after the witness testifies.  Otherwise, the government will disclose the

22  statements of witnesses at the time of the filing of the government's trial memorandum, provided

23  that defense counsel has complied with Defendant's obligations under Federal Rules of Criminal

24  Procedure 12.1, 12.2, and 16 and 26.2 and provided that defense counsel turn over all "reverse

25  <u>Jencks</u>" statements at that time.

26

27

28                                   10             08CR0886-WQH

1

f.    The Government Objects To The Full Production Of Agents' Handwritten
Notes At This Time

2

3    Although the government has no objection to the preservation of agents' handwritten notes,

4    it objects to requests for full production for immediate examination and inspection.  If certain

5    rough notes become relevant during any evidentiary proceeding, those notes will be made

available.

6

7    Prior production of these notes is not necessary because they are not "statements" within

8    the meaning of the Jencks Act unless they comprise both a substantially verbatim narrative of a

witness' assertions *and* they have been approved or adopted by the witness.  United States v.

9    Spencer, 618 F.2d 605, 606-607 (9th Cir. 1980); see also United States v. Griffin, 659 F.2d 932,

10    936-938 (9th Cir. 1981).

11

g.    All Investigatory Notes and Arrest Reports

12    The government objects to any request for production of all arrest reports, investigator's

13    notes, memos from arresting officers, and prosecution reports pertaining to Defendant.  Such

14    reports, except to the extent that they include Brady material or the statements of Defendant, are

15    protected from discovery by Rule 16(a)(2) as "reports . . . made by . . . Government agents in

16    connection with the investigation or prosecution of the case."

17    Although agents' reports may have already been produced to the defense, the government

18    is not required to produce such reports, except to the extent they contain Brady or other such

19    material.  Furthermore, the government is not required to disclose all evidence it has or to render

20    an accounting to Defendant of the investigative work it has performed.  Moore v. Illinois, 408 U.S.

21    786, 795 (1972); see United States v. Gardner, 611 F.2d 770, 774-775 (9th Cir. 1980).

22

h.    Expert Witnesses.

23    Pursuant to Fed. R. Crim. P. 16(a)(1)(G), at or about the time of filing its trial

24    memorandum, the government will provide the defense with notice of any expert witnesses the

25    testimony of whom the government intends to use under Rules 702, 703, or 705 of the Fed. R. of

26    Evidence in its case-in-chief.  Such notice will describe the witnesses' opinions, the bases and the

27

28

11                    08CR0886-WQH

1  reasons therefor, and the witnesses' qualifications.  Reciprocally, the government requests that the

2  defense provide notice of its expert witnesses pursuant to Fed. R. Crim. P. 16(b)(1)(C).

3          i.       <u>Information Which May Result in Lower Sentence</u>.

4       Defendant has claimed or may claim that the government must disclose information about

5  any cooperation or any attempted cooperation with the government as well as any other

6  information affecting Defendant's sentencing guidelines because such information is discoverable

7  under <u>Brady v. Maryland</u>.  The government respectfully contends that it has no such disclosure

8  obligations under <u>Brady</u>.

9       The government is not obliged under <u>Brady</u> to furnish a defendant with information which

10  he already knows.  <u>United States v. Taylor</u>, 802 F.2d 1108, 1118 n.5 (9th Cir. 1986), <u>cert. denied</u>,

11  479 U.S. 1094 (1987); <u>United States v. Prior</u>, 546 F.2d 1254, 1259 (5th Cir. 1977).  <u>Brady</u> is a rule

12  of disclosure.  There can be no violation of <u>Brady</u> if the evidence is already known to Defendant.

13       Assuming that Defendant did not already possess the information about factors which

14  might affect their respective guideline range, the government would not be required to provide

15  information bearing on Defendant's mitigation of punishment until after Defendant's conviction

16  or plea of guilty and prior to his sentencing date.  "No [<u>Brady</u>] violation occurs if the evidence is

17  disclosed to the defendant at a time when the disclosure remains of value."  <u>United States v.</u>

18  <u>Juvenile Male</u>, 864 F.2d 641 (9th Cir. 1988).

19  //
20  //
21  //
22  //
23  //
24  //
25  //
26  //
27
28             12       08CR0886-WQH

1

2 <center>**IV**</center>

3 <center>**CONCLUSION**</center>

4     For the foregoing reasons, the government respectfully requests that Defendant's motions,

5 except where not opposed, be denied.

6

7     DATED: April 28, 2008.

8                     Respectfully submitted,

9                     KAREN P. HEWITT
United States Attorney

10

11                     s/ William A. Hall, Jr.

12                     WILLIAM A. HALL, JR.
Assistant United States Attorney

13

<center>13</center>    08CR0886-WQH